In re: ENDANGERED SPECIES ACT
SECTION 4 DEADLINE
LITIGATION.

MDL No. 2165.

United States Judicial Panel on
Multidistrict Litigation.

June 8, 2010.

Before JOHN G. HEYBURN II,
Chairman, ROBERT L. MILLER, Jr.,
KATHRYN H. VRATIL, DAVID R.
HANSEN, W. ROYAL FURGESON, Jr.,
FRANK C. DAMRELL, Jr. and
BARBARA S. JONES, Judges of the
Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants
Ken Salazar, Secretary of the U.S. Department
of the Interior, and the U.S. Fish
and Wildlife Service (FWS) have moved,
pursuant to 28 U.S.C. § 1407, for coordinated
or consolidated pretrial proceedings
of this litigation in the District of District
of Columbia. Common plaintiff in ten actions,
WildEarth Guardians, opposes centralization
or, alternatively, suggests centralization
in the District of Colorado.
Plaintiff in the remaining two actions, the
Center for Biological Diversity (CBD), opposes
centralization.

This litigation currently consists of
twelve actions listed on Schedule A and
pending in four districts as follows: six
actions in the District of Colorado; four
actions in the District of District of Columbia;
and one action each in the District of
Nevada and the District of New Mexico.[1]

This is an unusual group of cases. However,
they do share factual questions arising
out of petitions filed by plaintiffs to the
FWS, seeking that defendants list many
species as threatened or endangered pursuant
to the Endangered Species Act
(ESA). Centralization will eliminate duplicative
discovery; prevent inconsistent pretrial
rulings; and conserve the resources
of the parties, their counsel, and the judiciary.
We see substantial benefits for judicial
economy and more consistent rulings
as a consequence of centralization. On the
basis of the papers filed and hearing session
held, we find that the twelve actions
involve common questions of fact, and that
centralization of these actions under Section
1407 in the District of District of
Columbia will serve the convenience of the
parties and witnesses and promote the just
and efficient conduct of this litigation.

In opposing centralization of these actions,
WildEarth Guardians argues, *inter
alia*, that (1) each of its actions involves
unique species in separate geographical
areas; and (2) discovery is located in defendants'
regional offices, rather than nationwide
headquarters. CBD argues that
centralization would only serve to delay
the litigation. While these arguments
have merit, on balance, they are unconvincing.
All actions allege that defendants
have failed to make timely findings on the
petitions for listing as required by Section
4 of the ESA. Discovery in these actions
will likely overlap, as WildEarth Guardians
has, according to defendants, already
sought to discover information regarding
defendants' nationwide listing budget, priorities,
and workload; and defendants plan
to explore plaintiffs' standing to bring suit.

We are persuaded that the District of
District of Columbia is an appropriate

---

1. The initial Section 1407 motion included
   twenty actions, but eight of those actions are
   either settled or withdrawn from the motion.

transferee forum for this litigation. Four actions are pending there. Moreover, defendants are headquartered in this district, and relevant documents and witnesses are potentially located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Emmet G. Sullivan for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 2165 — **IN RE: ENDANGERED SPECIES ACT SECTION 4 DEADLINE LITIGATION**

*District of Colorado*

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:09–2990

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:09–2997

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–57

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–169

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–256

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–263

*District of District of Columbia*

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–48

*Center for Biological Diversity v. Ken Salazar, et al.,* C.A. No. 1:10–149

*Center for Biological Diversity v. Ken Salazar, et al.,* C.A. No. 1:10–230

*WildEarth Guardians v. Ken Salazar,* C.A. No. 1:10–421

*District of Nevada*

*WildEarth Guardians v. Ken Salazar,* C.A. No. 3:10–53

*District of New Mexico*

*WildEarth Guardians v. Ken Salazar,* C.A. No. 6:10–122